# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARIA MELGAREJO,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant.

CIVIL ACTION NOS.
1:12-CV-01494-RWS

1:12-CV-02227-RWS

## **ORDER**

This case comes before the Court on Defendant Nationstar Mortgage LLC's ("Defendant") Motion to Consolidate Actions and Dismiss Plaintiff's Claims ("Defendant's Motion to Consolidate and Dismiss") [4] (Civil Action No. 1:12-cv-02227-RWS). After reviewing the Record, the Court enters the following Order.

## **Background**

Plaintiff Maria Melgarejo ("Plaintiff") commenced this action ("Melgarejo II"[1]) by filing a Complaint in the Superior Court of Gwinnett

---

[1] As explained below, the Court refers to this action as "Melgarejo II" in contradistinction to an earlier filed action, to which the Court refers as "Melgarejo I."

County, Georgia, raising claims for wrongful foreclosure and breach of contract arising out of her mortgage dealings with Defendant. (Dkt. [1-1].) Defendant removed the case to this Court on the basis of diversity of citizenship jurisdiction. (Notice of Removal, Dkt. [1] ¶ 4.) Defendant now moves pursuant to Federal Rule of Civil Procedure ("Rule") 42(a) to consolidate this action with a previously-filed action styled Melgarejo v. Nationstar Mortg. LLC, Civil Action No. 1:12-cv-01494-RWS ("Melgarejo I"), which was removed from the Superior Court of Gwinnett County to this Court on April 30, 2012. (See generally Def.'s Mot. to Consolidate & Dismiss, Dkt. [4].) Defendant further moves to dismiss both actions for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). (Id.) Plaintiff failed to file a response, and therefore Defendant's motion is deemed unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

## Discussion

**I. Defendant's Motion to Consolidate**

Defendant moves to consolidate Melgarejo I (Civil Action No. 1:12-cv-01494-RWS) and Melgarejo II (Civil Action No. 1:12-cv-02227-RWS) on grounds that the cases "involve the same parties, claims, and facts." (Def.'s

2

AO 72A
(Rev.8/82)

Mot. to Consolidate & Dismiss, Dkt. [4] at 4.)  Rule 42 provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "A district court's decision under Rule 42(a) is purely discretionary," but trial judges are encouraged to use the rule "to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted) (internal quotation marks omitted).  "In exercising its discretion, the court must determine":

> [W]hether the specific risks of prejudice and possible confusion
> [are] overborne by the risk of inconsistent adjudications of common
> factual and legal issues, the burden on parties, witnesses and
> available judicial resources posed by multiple lawsuits, the length
> of time required to conclude multiple suits as against a single one,
> and the relative expense to all concerned of the single-trial,
> multiple-trial alternatives.

Id.  (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)).

The Court agrees with Defendant that Melgarejo I and Melgarejo II should be consolidated because it is clear from the face of the Complaints that both actions raise the same claims and arise out of the same occurrence. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765 (11th Cir. 1995) ("The proper

3

solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)."  (citation omitted) (internal quotation marks omitted)).  The only difference between the Complaints is the alleged scheduled date for the non-judicial foreclosure sale,[2] which Defendant states never actually occurred.  (See Def.'s Mot. to Consolidate & Dismiss, Dkt. [4] at 3-4.) Therefore, because the actions involve the same questions of law and fact, such that using multiple lawsuits would burden the parties and waste judicial resources, Defendant's motion to consolidate the actions is **GRANTED**, and the Clerk shall **CONSOLIDATE** Melgarejo II with Melgarejo II.

**II.    Defendant's Motion to Dismiss**

Defendant moves to dismiss both Melgarejo I and Melgarejo II for failure to state a claim upon which relief may be granted.  (See Melgarejo I, Dkt. [4] (Civil Action No. 1:12-cv-01494-RWS); Melgarejo II, Dkt. [4] (Civil Action No. 1:12-cv-02227-RWS).)  As stated above, the Complaints filed in the two actions are identical in all material respects, as are the two motions to dismiss.

---

[2] (Compare Melgarejo I Compl., Dkt. [1-1] ¶ 5 ("A non-judicial foreclosure sale is scheduled for April 3, 2012 by Nationstar Mortgage LLC. . . "), with Melgarejo II Compl., Dkt. [1] ¶ 5 ("A non-judicial foreclosure sale is scheduled for June 5, 2012 by Nationstar Mortgage LLC . . .").)

4

Accordingly, and given the Court's consolidation of the two matters, the Court refers to Defendant's motions collectively as the "Motion to Dismiss" and to the Complaints collectively as the "Complaint."[3] The Court sets out the factual allegations of the Complaint before considering Defendant's Motion on the merits.

### A. Factual Background

The facts alleged are taken as true[4] and are as follows. On September 9, 2003, Plaintiff executed a security deed ("Security Deed") to secure debt on a residential home located at 4531 Plantation Mill Trail in Buford, Georgia. (Compl., Dkt. [1-1] ¶¶ 3-4.) Mortgage Electronic Registration Systems, Inc. ("MERS") was the grantee under the Security Deed. (Id. ¶ 4.) On May 13, 2009, MERS assigned the Security Deed to Nationstar Mortgage LLC. (Id.; Def.'s Mot. to Dismiss, Ex. B (Assignment), Dkt. [4-2].) Defendant fell behind on her mortgage payments and is in default under the Security Deed. (Compl., Dkt. [1-1] ¶ 7.) Plaintiff alleges that Defendant misled her into believing her home was not subject to any foreclosure proceedings because Defendant

---

[3] Citations are provided to the Complaint and Motion to Dismiss filed in Melgarejo I, Civil Action No. 1:12-cv-01494-RWS.

[4] On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the Complaint. Cooper v. Plate, 378 U.S. 546, 546 (1964).

5

"accept[ed] all modification paperwork." (Id. ¶ 6.) Plaintiff further alleges that Defendant has ignored her request for reinstatement figures to cure her default. (Id. ¶ 7.) Plaintiff alleges the Property's fair market value is $74,000 and estimates the total amount of debt on the property to be $47,000. (Id. ¶¶ 7, 17.) Finally, Plaintiff alleges that Defendant scheduled a non-judicial foreclosure sale for June 5, 2012. (Id. ¶ 5.) Defendant states, however, that the sale was cancelled and has not been rescheduled. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), Dkt. [4-1] at 3.) Based on these facts, Plaintiff raises claims against Defendant for wrongful foreclosure (Count IV) and breach of contract (Count V). She seeks a temporary restraining order and injunctive relief (Counts I & II) as well as attorneys' fees under O.C.G.A. § 13-6-11 or § 9-15-14 (Count VI).

### B. Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to

6

AO 72A
(Rev.8/82)

withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the Complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the Complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. As stated in the Background section, supra, Plaintiff raises claims for wrongful foreclosure and breach of contract. The Court considers Defendants' Motion to Dismiss as to each claim.

C.  Analysis

Under Georgia law, to state a claim for wrongful foreclosure, a plaintiff must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it

7

sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). If no foreclosure sale has occurred, however, a cause of action for wrongful foreclosure fails. E.g., Mayrant v. Deutsche Bank Trust Co. Ams., No. 1:10-cv-3094-TWT, 2011 WL 1897674, at *2 ("[N]o foreclosure sale has occurred, nor is one currently scheduled. Thus, the Plaintiff's claim for wrongful foreclosure fails." (citation omitted)). Plaintiff's wrongful foreclosure claim is based on the allegation that Defendant breached its duty to "exercise . . . fairly and in good faith . . . the power of sale under the [Security Deed]." (Compl., Dkt. [1-1] ¶¶ 14-15.) As Defendant correctly argues (Def.'s Mem., Dkt. [4-1] at 9), Plaintiff's claim fails as a matter of law because she has not alleged that a foreclosure sale actually occurred. Plaintiff's claim for wrongful foreclosure accordingly is **DISMISSED**.[5]

---

[5] Defendant also argues that Plaintiff cannot state a claim for *attempted* wrongful foreclosure because Plaintiff failed to allege "'a knowing and intentional publication of untrue and derogatory information'" by Defendant. (Def.'s Mem., Dkt. [4-1] at 9-10 (quoting Mayrant v. Deutsche Bank Trust Co. Ams., No. 1:10-cv-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011)).) The Court agrees. See Austin v. Bank of Am., N.A., 1:11-cv-3346-RWS, 2012 WL 928732, at *1 (N.D. Ga. Mar. 16, 2012) ("In Georgia, a claim for attempted wrongful foreclosure only exists when a foreclosure action was commenced, but not completed, and where the plaintiffs have demonstrated that the defendant 'knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result.'" (quoting Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963))).

AO 72A
(Rev.8/82)

To state a claim for breach of contract under Georgia law, a claimant must allege a "breach, which must be more than de minimis, and the resultant damages to the party having the right to complain about the contract being broken." TechBios, Inc. v. Champagne, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009). Plaintiff's breach of contract claim is based on the following allegation: "Defendant failed to properly exercise its duty to fairly and in good faith exercise the power of sale under the . . . Security Deed[,] which failure was a breach of contract." (Compl., Dkt. [1-1] ¶ 22.) Defendant seeks dismissal of this claim on grounds that Plaintiff has failed to allege *facts* to support her claim, relying instead on the conclusory allegation that Defendant has breached the Security Deed. (Def.'s Mem., Dkt. [4-1] at 10.) The Court agrees with Defendant and finds that Plaintiff has failed to allege sufficient factual matter to state a plausible claim for breach of contract. The claim, therefore, fails as a matter of law and is **DISMISSED**.

In light of the Court's finding that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff is not entitled to a temporary restraining order or injunctive relief. Counts I and II of the Complaint therefore are **DISMISSED**. Similarly, Plaintiff is not entitled to an award of attorneys' fees under O.C.G.A. § 13-6-11 or § 9-14-14, wherefore Count VI is **DISMISSED**.

9

## Conclusion

In accordance with the foregoing, Defendant's Motion to Consolidate Actions and Dismiss (Melgarejo II, Dkt. [4], Civil Action No. 1:12-cv-02227-RWS) is hereby **GRANTED**. The Clerk is **DIRECTED** to consolidate Melgarejo II with Melgarejo II and close Civil Action No. 1:12-cv-02227-RWS.

Defendant's Motion to Dismiss Melgarejo I (Dkt. [4], Civil Action No. 1:12-cv-01494-RWS) is likewise **GRANTED**. The clerk is **DIRECTED** to enter judgment in favor of Defendant in Civil Action No. 1:12-cv-01494-RWS and close the case.

**SO ORDERED**, this  17th  day of October, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)